```
1   BENJAMIN B. WAGNER
    United States Attorney
2   DONNA L. CALVERT
    Acting Regional Chief Counsel, Region IX,
3   Social Security Administration
    TOVA D. WOLKING, CSBN 259782
4   Special Assistant United States Attorney
            160 Spear Street, Suite 800
5           San Francisco, California 94105
            Telephone: (415) 977-8981
6           Facsimile: (415) 744-0134
            E-Mail: Tova.Wolking@ssa.gov
7   Attorneys for Defendant
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THOMAS QUEVEDO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:12-cv-00090-SKO <br><br> **STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** <br><br> (Docs. 23, 24) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act, (EAJA) in the amount of FOUR THOUSAND, SEVEN HUNDRED DOLLARS ($4,700.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by the attorney in connection with this civil action in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, Defendant will consider any assignment of EAJA fees to Plaintiff's atttorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010), the ability to honor any such assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, Defendant will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's attorney, pursuant to any assignment executed by Plaintiff. Any such payments made shall be delivered to Sengthiene Bosavanh, Plaintiff's attorney.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's attorney may have relating to EAJA attorney fees in connection with this action.

Plaintiff's attorney reserves the right to contend that any non-payment caused by the collection of a federal debt owed by Plaintiff violates 31 C.F.R. § 285.5(e)(5) and *Morrison v. C.I.R.*, 565 F.3d 658, 667 (9th Cir. 2009). Nothing in this stipulation shall be construed as an admission by Plaintiff's attorney that the Defendant has the right or authority to offset the fees due and payable pursuant to this stipulation. This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

///
///
///

Respectfully submitted,

Dated: December 10, 2012

*/s/ Sengthiene Bosavanh\**
SENGTHIENE BOSAVANH, ESQ.
(*as authorized via email)
Attorney for Plaintiff

BENJAMIN WAGNER
United States Attorney

Dated: December 10, 2012        */s/ Tova D. Wolking*
TOVA D. WOLKING
Special Assistant United States Attorney
Attorneys for Defendant

### **ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The parties' stipulated request for EAJA fees is GRANTED; and

2. Plaintiff's motion for attorney's fees (Doc. 23) pursuant to the EAJA is DENIED as moot.

IT IS SO ORDERED.

Dated:   December 12, 2012

UNITED STATES DISTRICT JUDGE