UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS QUEVEDO,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | Case No. 1:12-cv-00090-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING MOTION FOR ATTORNEY'S FEES PURSUENT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 26) |

### I.  INTRODUCTION

On June 5, 2013, counsel for Plaintiff, Sengthiene Bosavanh, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 26.) Plaintiff Thomas Quevedo ("Plaintiff") was served with the motion for attorney's fees, but no opposition was filed. (Doc. 26-5.) The Commissioner filed a statement noting that the Notice of Award did not set forth the amount of past-due benefits awarded to Plaintiff. (Doc. 28.) Plaintiff's counsel was ordered to supplement her request with evidence of the amount of past-due benefits due to Plaintiff. (Doc. 29.) Plaintiff's counsel filed a Notice of Award letter issued by the agency setting forth the total past-due benefits to be paid to Plaintiff. (Doc. 30.) For the reasons set forth below, the Court RECOMMENDS that the motion for an award of attorney's fees be GRANTED.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) On appeal, the Court ordered that the Administrative Law Judge's opinion be reversed and remanded the case for further proceedings. (Docs. 21, 22.) On November 21, 2012, Plaintiff filed a motion for an award of Equal Access to Justice Act ("EAJA") fees, which was unopposed by the Commissioner. (Doc. 23.) On December 13, 2012, Plaintiff's counsel was awarded EAJA fees in the amount of $4,700.00. (Doc. 25, p. 1.)

On May 28, 2013, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff totaling $85,607.90. (Doc. 26, p. 3.) On June 5, 2013, Ms. Bosavanh filed a motion for attorney's fees in the amount of $21,401.97. (Doc. 26.) In response to that motion, on June 19, 2013, the Commissioner filed a statement noting that there was no documentation establishing the amount of past-due benefits awarded to Plaintiff. (Doc. 28.) On June 26, 2013, the Court ordered Plaintiff's counsel to provide supplemental documentation establishing the specific amount of past-due benefits awarded to Plaintiff. (Doc. 29.) On July 8, 2013, Plaintiff's counsel attached the Notice of Award that states the total amount awarded to Plaintiff. (Doc. 30-1.) The Notice of Award confirms that the past-due benefits total $85,607.90. (Doc. 30-1, p. 3.)

Plaintiff's counsel seeks an award of attorney's fees in the amount of $21,401.97 pursuant to section 406(b), which totals 25% of Plaintiff's past due benefits. (Doc. 26, p. 3.) Ms. Bosavanh filed a declaration in support of the motion for attorney's fees stating that, on remand, the Commissioner awarded Plaintiff benefits finding him disabled since August 1, 2007. (Doc. 26-2, p. 12.) It is counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and

2

> allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation;

(2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases.  Id.  (citing Gisbrecht, 535 U.S. at 807-08).

>Here, the fee agreement between Plaintiff and his counsel provide:

> "the federal court attorney's fee shall be the great of the following: 1) 25 (twenty-five) percent of the past-due benefits resulting from my claim or claims, or 2) such amount as my attorneys are able to obtain pursuant to the Equal Access to Justice Act (EAJA)."

(Doc. 26-1.)  The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel.  The billing records show that Plaintiff's counsel expended a total of 31.3 hours litigating Plaintiff's case.  (Doc. 26-4.)  There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff.  There is also no evidence that Ms. Bosavanh engaged in any dilatory conduct resulting in delay.  Attorney's fees in the amount of $21,401.97 represent 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award of $85,607.90.  *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Grisbrecht*, 535 U.S. at 807)).

///

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $4,700.00 in fees pursuant to the EAJA, and thus any Section 406(b) fees awarded must be offset by $4,700.00, and that amount must be refunded to Plaintiff.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $21,407.97 be GRANTED; and

2. Plaintiff's counsel be ORDERED to refund to Plaintiff $4,700.00 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these finds and recommendations with the Court and serve a copy to all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 26, 2013**          **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE